

# THE ATTORNEY GENERAL

# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

**AUSTIN, TEXAS**

March 30, 1950

Hon. Gordon H. Lloyd
Executive Secretary
Employees Retirement
System of Texas
Austin, Texas

Opinion No. V-1023.

Re: Acceptance of contri-
butions to Retirement
System of a former
member for the period
spent in military ser-
vice in 1948 and 1949,
the party having re-
turned to State employ-
ment.

Dear Mr. Lloyd:

Your request for an opinion reads as follows:

"Please favor us with your opinion, based on the following facts and interpreting Section V, Subsection H of H.B. 168, passed by the Regular Session of the 50th Legislature.

"Mr. A, an employee of one of the State Departments, became a member of the Employees Retirement System on September 1, 1947. During August, 1948, Mr. A left State employment and entered the Army. He received his discharge December 31, 1949 and immediately returned to State employment. Mr. A now desires to make contributions to the Retirement System for the one year and four months while absent from State employment during this period of Military Service and desires such contributions to be deducted from his monthly salary warrant and remitted to the Employees Retirement System as his contributions for such period of time.

"1. Is the Employees Retirement System of Texas authorized to accept contributions from Mr. A for the one year and four months while in Military Service, based on five percent of the monthly salary he was receiving at the time he entered Military Service?

"2. If the answer to Question One is yes, can the State make its matching contributions

to the Employees Retirement System for the
one year and four months?

"3. If the answer to Question Two is
yes, then would the Funds from which the em-
ployee was receiving his salary at the time
of leaving to enter Military Service make
the State contributions, or would the Fund
from which the employee received his salary
after returning to State employment make the
State contributions?

"4. Would Mr. A receive tenure service
for retirement purposes for the one year and
four months while in Military Service?"

Article 6228a, Section 5, Subsection H, Ver-
non's Civil Statutes, to which you refer, reads as fol-
lows:

"H. Credit for Military Service.

"During the period of time the United
States is in a state of war and for a period
of twelve (12) months thereafter, time spent
by a member of the Employees Retirement Sys-
tem (1) in the Armed Forces of the United
States and their auxiliaries or in the Armed
Forces Reserve and their auxiliaries, or in
the American Red Cross, or (2) in war work as
a direct result of having been drafted or con-
scripted into said war work, shall count to-
ward membership service. In addition, a member
of the Employees Retirement System shall be
permitted to contribute each year to the Re-
tirement System a sum not to exceed the amount
contributed by him to said Retirement System
during the last year that he was employed as
a member under the provisions of the Retire-
ment Act. The funds so contributed shall be
deposited to the credit of the member's indi-
vidual account and shall be treated in the
same manner as funds contributed by the mem-
ber while he was employed by the State. Any
employee of the State who entered military
service prior to the establishment of the Re-
tirement System, either by induction or en-
listment, will be entitled to prior service

credit for the time prior to establishment of the System and membership service for the time subsequent to the establishment of the System. Any employee so absent shall have the right to contribute to said System either during his service with Armed Forces or upon return an amount equal to the contributions which would have been made by him based on his compensation earnable at commencement of his absence, provided such employee re-enters the service of the State within sixty (60) days after the termination of his military service and elects to become a member of the System within sixty (60) days after such re-employment.

"In computing the average prior service compensation for employees who served in the Armed Forces on leaves of absence from the State and subsequently became members of the System, that time spent in the Armed Forces shall be counted as part of the ten (10) years immediately preceding the enactment of the law and the basis for compensation shall be the same that was earned at commencement of his leave of absence from the State."

Section 8 of Article 6228a provides, in part:

"A. The amount contributed by each member of the Retirement System shall be five per cent (5%) of the regular annual compensation paid to each member. The amount contributed by the State of Texas to the Retirement System shall not exceed during any one (1) year five per cent (5%) of salaries of all members, disregarding salaries in amounts in excess of Three Thousand, Six Hundred Dollars ($3,600), providing the total amount contributed by the State during any one (1) year shall at least equal the total amount contributed during the same year by all members of the Retirement System; provided further that all contributions made by the State shall be from and charged to the respective funds appropriated, allocated, and provided to pay the salary or compensation of the employee for whose benefit the contribution is made. . . .

"2. State Membership Accumulation Fund.

"The State Membership Accumulation Fund shall be the fund in which shall be accumulated all contributions made to the Employees Retirement System by the State of Texas for the purpose of providing upon the retirement of each member an amount equal to such member's accumulated contribution; and from which shall be transferred to the Membership Annuity Reserve Fund at the retirement of a member an amount equal to the accumulated contributions of the member. Contributions to and payments from this fund shall be made as follows:

"a. The State of Texas shall pay each year in equal monthly installments into the State Membership Accumulation Fund an amount equal to a per centum of the contributions of the members during such year, which shall be calculated by the Actuary and certified to the Comptroller by the State Board of Trustees as being the necessary and required per centum to maintain a reserve in this fund equal to the present and prospective liabilities of the fund . . .

"B. Collection of Contributions.

"2. The collection of the State's contributions shall be made as follows:

"a. From and after the date of the establishment of the membership and full operation of the Retirement System created by this Act takes effect there is hereby allocated and appropriated to the Employees Retirement System of Texas, in accordance with this Act from the several funds from which the employees benefited by this Act; receive their respective salaries, a sum equal to five per cent (5%) of the total compensation paid to the said respective employees who are members of said Retirement System and whose compensation is paid from funds directly controlled by the State. The State Board of Trustees shall certify to the State Comptroller of Public Accounts and the State Treasurer at the end of each month the total amount of compensation paid such members of the Retirement System,

and the State Comptroller shall thereupon transfer five per cent (5%) of this amount from the said respective funds from which said employees are paid to the State Employees Retirement Fund; and which money in said fund is hereby appropriated for the purposes provided by this Act for the balance of the fiscal year 1947 and the fiscal year 1948. Appropriations for the ensuing biennium shall be made according to Section 8, Subsection B, Part 2, Paragraph a, b, and c of this Act.

"b.  Thereafter, on or before the first day of November next preceding each Regular Session of the Legislature, the State Board of Trustees shall certify to the State Board of Control for its review and adoption the amount necessary to pay the contributions of the State of Texas to the Employees Retirement System for the ensuing biennial.  This amount shall equal five per cent (5%) of the total compensation paid members of the Retirement System and shall be included in the budget of the State which the Governor submits to the Legislature.  The State Board of Trustees shall certify on or before August thirty-first of each year to the State Comptroller of Public Accounts and the State Treasurer the estimated amount of contributions to be received from members during the ensuing year.

"c.  All moneys hereby allocated and appropriated by the State to the Employees Retirement System shall be paid to the Employees Retirement System in equal monthly installments based upon the annual estimate by the State Board of Trustees of the Employees Retirement System of the contributions to be received from the members of said System during said year, provided further in the event said estimate of the contributions of the members of the System shall vary from the actual amount of the employees' contributions during the year, then such adjustment shall be made at the close of each fiscal year as may be required.  Each of said monthly installments shall be paid into the State Membership Accumulation Fund and the Prior Service Annuity

Reserve Fund in the proportionate amount certified by the State Board of Trustees."

The following provisions were made in Senate Bill 391, Acts 50th Leg., 1947, ch.400, p. 941:

"(29) All moneys collected and received by the Employee's Retirement System of Texas under the provisions of House Bill No. 168, Acts of the Regular Session of the 50th Legislature, 1947, during the biennium beginning September 1, 1947, together with the balances of such funds on hand at the beginning of each fiscal year of the biennium, are hereby appropriated to the Employee's Retirement System of Texas for the purpose of carrying out the provisions of said Act. The Employee's Retirement System is hereby authorized to employ a sufficient number of employees to carry out the terms and provisions of said Act, but in no event shall salaries be paid in excess of the amount paid for the same or similar positions in any department of the State government."

Appropriations for State Departments and Agencies were made in House Bill 322, Acts 51st Leg., R.S. 1949, ch.615, p.1239. We quote the following provisions from House Bill 322:

"There is hereby allocated and appropriated to the Employees Retirement System of Texas, in accordance with H.B. No.168, Acts of the 50th Legislature, 1947, Regular Session, from the several funds from which the employees receive their respective salaries and/or compensation, sufficient amounts to provide the State contributions necessary to equal the five (5%) per cent of the compensation of the members, contributed by them to the Retirement System, as provided in the Retirement Act."

It is our opinion that the State is authorized to accept contributions from Mr. A for the time spent by him in military service in 1948 and 1949. It is provided in Subsection H, Section 5 of Article 6228a, that a party who was a member of the Retirement System at the time of entering military service may contribute to the Retirement System for the time spent in such service. He

may contribute each year an amount not to exceed the sum contributed by him to the Retirement System during the last year that he was employed by the State and was a member of the Retirement System.

In answer to your Question No. 2, it is our opinion that no provision has been made by the Legislature for the State to match the contributions in question and that, consequently, no matching contribution can be made by the State. The appropriation made to the Employees Retirement System for the purpose of making the State's matching contributions was made "from the several funds from which the employees receive their respective salaries and/or compensation." Mr. A was not receiving any salary or compensation from a State Fund during the time that he was in military service. We are of the opinion that the fact that no provision has been made for the State's matching contribution will not prevent the Retirement System from accepting the contribution of the person here involved. In view of our answer to Question No. 2, it is not necessary to answer Question No. 3.

It is our opinion that Question No. 4 should be answered in the affirmative. Mr. A should be credited with membership service for retirement purposes for the time spent by him in military service, provided he has made contributions to the Retirement System according to the provisions of the Retirement Act.

## SUMMARY

A person who was in military service in 1948 and 1949, and who was a member of the Employees Retirement System of Texas at the time of entering military service, may contribute to the Retirement System for each of such years an amount not to exceed the sum contributed by him to the Retirement System during the last year that he was employed by the State and was a member of the Retirement System. Such person should be credited with membership service for retirement purposes for the time spent by him in military service. No provision was made by the Legislature for the State to make a matching contribution in

such cases, but that fact will not prevent
the Retirement System from receiving the
contribution of the employee.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

Ned McDaniel
State Affairs Division

Charles D. Mathews
Executive Assistant

CBK:rt:jmc:mw

By
Clyde B. Kennelly
          Assistant